U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Feb 03 - 2026
John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

**ALBANY DIVISION**

Christopher Robert Schmidt,

Plaintiff,

Civil Action No.: 1:26-cv-178 (AJB/PJE)

v.

New York State Board of Elections,

Henry T. Berger, Co-Chair, in his official capacity,

Peter S. Kosinski, Co-Chair, in his official capacity,

Essma Bagnuola, Commissioner, in her official capacity,

Anthony J. Casale, Commissioner, in his official capacity,

Kristen Zebrowski Stavisky, Co-Executive Director, in her official capacity,

Raymond J. Riley, III, Co-Executive Director, in his official capacity,

and Letitia James, Attorney General of the State of New York, in her official capacity,

Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. Introduction

1. Plaintiff Christopher Robert Schmidt brings this action to challenge the constitutionality of New York's election laws as they apply to independent candidates and minor parties in the 21st Congressional District.
2. New York's statutory framework erects disproportionately severe and discriminatory barriers to ballot access for independent candidates. Independents in the 21st Congressional District are required to obtain 3,500 petition signatures within a narrowly constrained filing window of April 14 through May 19–26, 2026, as provided under **New York Election Law § 6-142**, which requires independent nominating petitions to be signed by a number of voters equal to five percent of the total votes cast for governor in the last election in the political unit, *but caps the requirement at no more than 3,500 signatures for an office to be filled in any congressional district outside New York City.* By contrast, Democratic and Republican candidates are required to collect only 1,250 signatures under **New York Election Law § 6-136**, which sets the signature requirement for major party designating petitions in a congressional district. This nearly threefold disparity—an increase of approximately 180%—imposes an unequal and substantial burden, effectively foreclosing meaningful access to the ballot. By maintaining these elevated signature thresholds for non-major party candidates while reducing them for major parties, New York's laws entrench the dominance of the two major parties and violate the rights of candidates and voters guaranteed under the First and Fourteenth Amendments.

3. These laws favor the two major parties, entrench their dominance, and infringe upon the rights of candidates and voters guaranteed by the First and Fourteenth Amendments, as evidenced by the statutory disparity between **independent nominating petitions under NY Election Law § 6-142** (up to 3,500 signatures) and **major party designating petitions under NY Election Law § 6-136** (1,250 signatures), which structurally advantages the two major parties in ballot access.

4. The signature requirement disparity between major party candidates and independent candidates, as created by the 2019 voting reforms, places an unconstitutional burden on independent candidates by requiring them to gather 3,500 signatures under **NY Election Law § 6-142** for independent nominating petitions, while major parties only require 1,250 signatures under **NY Election Law § 6-136** for designating petitions.

5. This disparity in signature requirements, codified in **NY Election Law § 6-142** for independent candidates and **§ 6-136** for major party candidates, creates an unequal burden on non-major party candidates, violating the constitutional principles of equal protection and free association guaranteed under the First and Fourteenth Amendments.

6. The 2019 reforms reduced the signature threshold for major party candidates (Democratic, Republican) from 5,000 signatures to 1,250 under **NY Election Law § 6-136**, but did not provide similar reductions for independent and minor party candidates, who are still subject to 3,500 signatures under **NY Election Law § 6-142.**

7. The combined effect of these signature requirements, along with short filing deadlines and restrictive petitioning rules under **NY Election Law §§ 6-138 and 6-158** (which set the dates for circulation and filing of independent nominating petitions), severely restricts political competition and access to the ballot for independent and minor party candidates.

8. These obstacles, imposed by the high signature requirements under **NY Election Law § 6-142** and the narrow petitioning window under **§§ 6-138 and 6-158**, force candidates like Plaintiff to expend significant money or labor, creating an unconstitutional financial barrier to political participation.

9. Other independent candidates, such as Scott Phillip Lewis, who sought ballot access in NY-21 in 2024, were effectively blocked when their petitions were rejected due to technical deficiencies, including failing to demonstrate adequate geographic representation across the district as required under **NY Election Law § 6-142** and related petition distribution rules. Signatures are critically reviewed by representatives of the Democratic and Republican parties pursuant to **NY Election Law § 6-142(3)**, with equal representation from both, and no independent or neutral body, creating an inherent disadvantage for independent candidates and illustrating the real and ongoing barriers imposed by the current rules.

10. Several other independent and minor party candidates across New York, many of whom are registered with the Federal Election Commission, are similarly burdened by the high signature requirements under **NY Election Law § 6-142** and short filing deadlines set forth in **§§ 6-138 and 6-158**. These laws create systemic barriers that disadvantage non-major party candidates and restrict meaningful ballot access throughout the state.

11. Plaintiff is required to organize volunteers or pay professional petition gatherers, shown in exhibit B, in order to meet New York's excessively high signature requirement under **NY Election Law § 6-142**, creating an unconstitutional financial barrier to political participation. NY-21 is the third-largest congressional district east of the Mississippi River, encompassing over 12,500 square miles across 15 counties with widely dispersed

communities. Traveling the district to collect signatures—often several hours between towns—requires significant time, effort, and expense. This geographic and logistical burden, combined with the high 3,500-signature threshold under **§ 6-142** and the short filing window of April 14 through May 19–26, 2026, set forth in **§§ 6-138 and 6-158,** unconstitutionally restricts Plaintiff's ability to run for office and participate meaningfully in the political process, violating his rights under the First and Fourteenth Amendments.

12. The two major parties enjoy disproportionate and structural advantages under New York's election framework. Democratic and Republican candidates automatically retain ballot lines based on prior vote thresholds under **NY Election Law § 6-136** and benefit from established party infrastructure, state-administered public financing programs, and professional organizational support. In contrast, independent candidates must meet a substantially higher petition threshold under **§ 6-142**, organize signature-gathering efforts without institutional support, and navigate partisan-controlled petition reviews as permitted under **§ 6-142(3)** and related Board of Elections procedures. This disparity is particularly unfair in NY-21, where approximately 32% of the electorate is not registered with either major party and collectively outnumbers registered Democrats. The current system thus denies these voters equal representation and entrenches the dominance of the two parties, creating an unequal and unconstitutional barrier to meaningful ballot access for independent candidates.

## II. Jurisdiction and Venue

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

12. Venue is proper under 28 U.S.C. § 1391(b).

## III. Parties

**Plaintiff:**

Christopher Robert Schmidt

37 Perkins Drive

Hudson Falls, NY 12839

518-812-5634

ChrisForNY21@gmail.com

Pro Se

**Defendants:**

1. New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729
2. Henry T. Berger, Co-Chair, in official capacity, New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729
3. Peter S. Kosinski, Co-Chair, in official capacity, New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729
4. Essma Bagnuola, Commissioner, in official capacity,New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729

5. Anthony J. Casale, Commissioner, in official capacity,New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729
6. Kristen Zebrowski Stavisky, Co-Executive Director, in her official capacity, New York State Board of Elections, 40 North Pearl Street, Suite 5, Albany, NY 12207-2729
7. Raymond J. Riley, III, Co-Executive Director, in his official capacity, New York State Board of Elections,40 North Pearl Street, Suite 5, Albany, NY 12207-2729
8. Letitia James, Attorney General of the State of New York, in official capacity, 28 Liberty Street, New York, NY 10005

**IV. Factual Allegations**

13. Independent candidates must collect 3,500 signatures under **NY Election Law § 6-142,** while Democratic and Republican candidates need only 1,250 under **§ 6-136**. ( See Exhibit A)
14. Petition windows and technical rules under **NY Election Law §§ 6-138 and 6-158** further restrict independent candidates. (See Exhibit A)
15. These burdens, imposed by the high signature requirements under **NY Election Law § 6-142** and the petition windows under **§§ 6-138 and 6-158**, force candidates to expend significant money or labor. (See Exhibit A and B)
16. The combined effect, resulting from signature requirements under **NY Election Law § 6-142** and filing deadlines under **§§ 6-138 and 6-158**, severely restricts political competition and voter choice by entrenching the dominance of major parties and limiting the participation of independent and minor party candidates.
17. The 2019 reforms reduced the number of signatures required for major party candidates from 5,000 to 1,250 under **NY Election Law § 6-136**, but independent candidates are still

required to gather 3,500 signatures under **§ 6-142**, a higher threshold that effectively disadvantages non-major party candidates. (See Exhibit A)

18. This discriminatory burden created by the 2019 reform, as reflected in **NY Election Law § 6-142** for independent candidates and **§ 6-136** for major party candidates, violates the First Amendment's right to free association and the Fourteenth Amendment's equal protection principles.

## V. Legal Claims

### Count I – First Amendment

19. The challenged laws, including the high signature requirements under **NY Election Law § 6-142** and the petitioning rules and filing windows under **§§ 6-138 and 6-158**, burden core political speech and association by imposing excessive barriers to independent and minor party candidates seeking to run for office.

20. The First Amendment guarantees the right to free association and political expression, both of which are directly impacted by the excessive signature requirements for independent candidates under **NY Election Law § 6-142**.

21. **Anderson v. Celebrezze, 460 U.S. 780 (1983),** provides that ballot access restrictions that impose an undue burden on independent candidates violate the First Amendment rights of candidates and voters. The 2019 reforms create such an undue burden, as the 3,500-signature requirement for independent candidates under **NY Election Law § 6-142** is significantly higher than the 1,250-signature requirement for major party candidates under **§ 6-136**. (See Exhibit A)

**Count II – Fourteenth Amendment Equal Protection**

22. New York imposes unequal burdens that favor major parties under **NY Election Law § 6-136** over independent candidates under **§ 6-142**, violating the Fourteenth Amendment's Equal Protection Clause. (See Exhibit A)

23. The 2019 reform disproportionately benefits major parties under **NY Election Law § 6-136** and entrenches their dominance in the electoral process. Independent candidates, governed by **§ 6-142**, are subject to higher signature thresholds despite having fewer resources and less party infrastructure. (Exhibit A)

24. **Williams v. Rhodes, 393 U.S. 23 (1968),** and **Burdick v. Takushi, 504 U.S. 428 (1992),** establish that ballot access laws must not discriminate against minor parties or independent candidates, and that disparities in signature requirements under **NY Election Law § 6-142** for independent candidates versus **§ 6-136** for major party candidates may violate the Equal Protection Clause when they create undue barriers to participation.

**Count III – Declaratory and Injunctive Relief**

25. Plaintiff requests that the Court issue declaratory and injunctive relief, including a declaration that the signature requirement for independent candidates under **NY Election Law § 6-142** is unconstitutional and an injunction that would reduce the required signature threshold for independent candidates to a reasonable number.

26. Plaintiff further requests that the Court require the New York State Board of Elections to extend the filing deadline for independent candidates under **NY Election Law §§ 6-138 and 6-158** and modify petitioning rules under **§ 6-142** that disproportionately burden non-major party candidates.

### VI. Application of Relevant Case Law

27. **Anderson v. Celebrezze, 460 U.S. 780 (1983)** – Excessive ballot access restrictions, such as the 3,500-signature requirement for independent candidates under **NY Election Law § 6-142**, impose a severe burden on First Amendment rights by limiting the ability of candidates and voters to participate meaningfully in the political process.
28. **Williams v. Rhodes, 393 U.S. 23 (1968)** – Unequal ballot access, exemplified by independent candidates facing a 3,500-signature threshold under **§ 6-142** while major party candidates are only required to obtain 1,250 signatures under **§ 6-136**, violates the Equal Protection Clause by discriminating against non-major party candidates.
29. **Burdick v. Takushi, 504 U.S. 428 (1992)** – Ballot access laws must not impose undue burdens. New York's combination of high signature thresholds (**§ 6-142**), short filing windows (**§§ 6-138, 6-158**), and restrictive petitioning rules constitutes an undue burden on independent candidates.
30. **Libertarian Party of New York v. Cuomo, 740 F. App'x 729 (2d Cir. 2018)** – Supports the principle that New York's signature requirements disadvantage independent candidates. Specifically, the decision reinforces that statutes like **§ 6-142** can create disproportionate barriers that must be scrutinized under the First and Fourteenth Amendments.

31. **Clement v. California, 364 F.3d 1148 (9th Cir. 2008)** – States must justify signature thresholds and avoid undue restrictions. New York's high independent candidate threshold (**§ 6-142**) and early filing deadlines (**§§ 6-138, 6-158**) would need similar justification to withstand constitutional scrutiny.

32. **McLain v. Meier, 851 F.2d 1045 (8th Cir. 1988)** – Excessive signature requirements violate equal protection principles, consistent with New York's disparate treatment of independent candidates under **§ 6-142** versus major party candidates under **§ 6-136**.

33. **Green Party of New York State v. New York State Board of Elections (2021, pending)** – Challenges similar 2019 reforms and is relevant precedent. Like the current case, it concerns the effect of the 3,500-signature requirement (**§ 6-142**) and restrictive filing deadlines (**§§ 6-138, 6-158**) on independent candidates.

## VII. Prayer for Relief

Plaintiff respectfully requests that the Court:

**A.** Declare New York's ballot access scheme, including the independent nominating petition rules under **NY Election Law § 6-142**, unconstitutional as applied to independent candidates and minor parties.

**B.** Enjoin enforcement of the challenged provisions, including the signature requirement of 3,500 for independent candidates under **§ 6-142**.

**C.** Order relief ensuring fair ballot access for independent candidates, including reducing the signature requirement under **§ 6-142** to a more reasonable number.

**D.** Award costs and any further relief deemed just and proper under the circumstances.

**Dated:** 1/29/2026

**Respectfully submitted,**

Christopher Robert Schmidt

Christopher Robert Schmidt, Pro Se

37 Perkins Drive

Hudson Falls, NY 12839

518-812-5634

ChrisForNY21@gmail.com

**EXHIBITS**

**Exhibit A:** NYSBOE Political Calendar (showing filing and petition deadlines for independent candidates, NY-21).

**Exhibit B:** Cost estimates from a professional petitioning service demonstrating the financial burden of collecting 3,500 signatures under N.Y. Election Law § 6-142.

Respectfully submitted,

Christopher Robert Schmidt, Pro Se

Christopher Schmidt 1/29/2026

# **2026 POLITICAL CALENDAR**

40 NORTH PEARL STREET – SUITE 5,
ALBANY, NEW YORK 12207 (518) 474-6220
For TDD/TTY, call the NYS Relay 711
www.elections.ny.gov

NEW YORK STATE | Board of Elections

**Primary Election** June 23, 2026 | **General Election** November 3, 2026

| KEY PRIMARY ELECTION DATES | |
|---|---|
| Feb 1 | Certification of offices to be filled at 2026 General Election by SBOE and CBOEs. §§4-106(1), (2) |
| Feb 10 | PARTY CALLS: Last day for State & County party chairs to file a statement of party positions to be filled at Primary Election. §2-120(1) |
| June 13 - 21 | Days of Early Voting for Primary Election. §8-600(1) |
| June 23 | Primary Election. §8-100(1)(a) |

| VOTER REGISTRATION – PRIMARY ELECTION | |
|---|---|
| Feb 20 | **List of Registered Voters:** Publication of February enrollments. §5-604 |
| June 13 | **Voter Registration Deadline:** Application must be received by this date to be eligible to vote in Primary Election. §§5-210, 5-211, 5-212 |
| June 8 | **Change of Address** for Primary Election must be received by this date. §5-208(3) |

| CHANGE OF ENROLLMENT | |
|---|---|
| Feb 14 | A change of enrollment **RECEIVED** by BOE not later than Feb 14 or after June 30 is effective immediately. Any change of enrollment made between Feb 15 - June 30, shall be effective June 30. §5-304(3) |

| DESIGNATION OF POLLING PLACES – PRIMARY | |
|---|---|
| May 1 | Last day to file early voting communication plan with SBOE. 9 NYCRR 6211.7(c) |
| May 9 | Last day to designate early voting sites for primary elections. §§8-600(4)(e)(i) |

| CERTIFICATION OF PRIMARY BALLOT | |
|---|---|
| Apr 29 | Certification of primary ballot by SBOE of designations filed in its office. §4-110 |
| Apr 30 | Certification of primary ballot by CBOEs of designations filed in its office. §4-114 |

| CANVASS OF PRIMARY RESULTS | |
|---|---|
| July 6 | Canvass of Primary Election returns by CBOEs. §9-200(1) |
| July 6 | Verifiable Audit of Voting Systems. §9-211(1) |
| July 13 | Recanvass of Primary returns. §9-208(1) |

| ABSENTEE/EARLY VOTING BY MAIL – PRIMARY | |
|---|---|
| June 13 | Last day to **RECEIVE** application or letter of application by mail or online portal for primary ballot. §§8-400(2)(c), 8-700(2)(c), (d) |
| June 22 | Last day to apply in person for primary ballot. §§8-400(2)(c), 8-700 (2)(c), (d) |
| June 23 | Last day to postmark primary election ballot. Must be received by CBOE no later than **June 30th**. §§8-412(1), 8-710 |
| June 23 | Last day to deliver primary ballot in person to your county board or a poll site in your county, by close of polls. §§8-412(1), 8-710 |

| MILITARY/SPECIAL FEDERAL VOTERS – PRIMARY | |
|---|---|
| May 8 | Deadline to transmit ballots to eligible Military/Special Federal/UOCAVA Voters. §§10-108(1), 11-204(4) |
| June 13 | Last day for BOE to **RECEIVE** application for Military/Special Federal/UOCAVA ballot for primary if not previously registered. §§10-106(5), 11-202(1)(a) |
| June 16 | Last day for BOE to **RECEIVE** application for Military/Special Federal/UOCAVA ballot for primary if already registered. §§10-106(5), 11-202(1)(b) |
| June 22 | Last day to apply personally for Military ballot for primary if previously registered. §10-106(5) |
| June 23 | Last day to postmark Military/Special Federal/ UOCAVA ballot for primary. Date by which it must be received by BOE is **June 30th**. §§10-114(1), 11-212 |

| PARTY NOMINATION OTHER THAN PRIMARY | |
|---|---|
| Feb 3 - 24 | Holding state committee meetings for nominations for statewide office. §6-104(6) |
| Feb 24 | First day to hold a town caucus. §6-108(1) |
| July 3 | Last day to decline all party nominations after primary loss. §6-146(6) |
| July 7 | Last day to fill vacancy after declination by primary loser. §6-158(3) |
| July 13 | Last day to file authorization of substitution after declination by primary loser. §6-120(3) |
| July 23 | Last day for filing nominations from town or village caucus or party committee. §6-158(6) |
| July 23 | Last day to file certificates of nomination to fill vacancies created pursuant to §§6-116, 6-104. §6-158(6) |
| July 27 | Last day to accept or decline a nomination for office made based on §6-116. §6-158(7) |
| July 27 | Last day to file authorization of nomination made based on §6-116. §6-120(3) |
| July 31 | Last day to fill a vacancy after a declination made based on §6-116. §6-158(8) |

| DESIGNATING PETITIONS – PRIMARY | |
|---|---|
| Feb 24 - Apr 2 | Dates for circulating designating petitions. §6-134(4) |
| Mar 30 - Apr 6 | Dates for filing designating petitions. §6-158(1) |
| Apr 10 | Last day to authorize designations. §6-120(3) |
| Apr 10 | Last day to accept or decline designations. §6-158(2) |
| Apr 14 | Last day to fill a vacancy after a declination. §6-158(3) |
| Apr 20 | Last day to file authorization of substitution after declination of a designation. §6-120(3) |

| OPPORTUNITY TO BALLOT PETITIONS | |
|---|---|
| Mar 21 | First day for signing OTB petitions. §6-164 |
| Apr 9 | Last day to file OTB petitions. §6-158(4) |
| Apr 13 | Last day for member of committee to receive notices to file acceptance. §6-166(3) |
| Apr 16 | Last day to file OTB petition if designated candidate has declined. §6-158(4) |
| Apr 20 | Last day for member of committee to receive notices to file acceptance if declination filed by a candidate. §6-166(3) |

## SIGNATURE REQUIREMENTS FOR DESIGNATING AND OPPORTUNITY TO BALLOT PETITIONS (§6-136)

5% of the active enrolled voters of the political party in the political unit or the following, whichever is less:

For any office to be filled by all the voters of:

- The entire state .......................................... 15,000 (with at least 100 or 5% of enrolled voters from each of one-half of the congressional districts)
- New York City ..........................................7,500*
- Any county or borough of NYC. ..................4,000*
- A municipal court district within NYC. ..........1,500*
- Any city council district within NYC. ...............900*
- Cities/counties having more than 250,000 inhabitants............................................. 2,000
- Cities/counties having more than 25,000 but not more than 250,000 inhabitants .................. 1,000
- Any city, county, councilmanic or county legislative districts in any city other than NYC.................500
- Any congressional district........................... 1,250
- Any state senatorial district......................... 1,000
- Any assembly district..................................... 500
- Any county legislative district......................... 500

Any political subdivision contained within another political subdivision, except as herein provided, requirement is not to exceed the number required for the larger subdivision; a political subdivision containing more than one assembly district, county or other political subdivision, requirement is not to exceed the aggregate of the signatures required for the subdivision or parts of subdivision so contained.

***NOTE**: *Section 1057-b of the New York City Charter supersedes New York Election Law signature requirements for Designating and OTB petitions and independent nominating petitions with respect to certain New York City offices.***

**All Dates Subject to Change by the State Legislature**

Revised 12/09/2025

Exhibit A-1
(NYSBOE Political Calender)

| KEY GENERAL ELECTION DATES | |
|---|---|
| Feb 1 | Certification of offices to be filled at 2026 General Election by SBOE and CBOE. §4-106(1), (2) |
| Oct 24 - Nov 1 | Days of Early Voting for the General Election. §8-600(1) |
| Nov 3 | General Election. §8-100(1)(c) |

| VOTER REGISTRATION – GENERAL ELECTION | |
|---|---|
| Oct 24 | <u>**Registration Deadline for General Election:**</u> Last day application must be received by BOE to be eligible to vote in General Election. §§5-210, 5-211, 5-212 |
| Oct 19 | <u>**Change of Address for General Election:**</u> received by BOE by this date must be processed. §5-208(3) |

| DESIGNATION OF POLLING PLACES – GENERAL | |
|---|---|
| March 15 | Last day to designate General Election polling places for each election district for ensuing year. §4-104(1) |
| May 1 | Last day to designate early voting sites for the general election. 9 NYCRR 6211.1(a) |
| May 1 | Last day to file early voting communication plan with SBOE. 9 NYCRR 6211.7(c) |

| VACANCY IN OFFICE | |
|---|---|
| Aug 3 | A vacancy occurring three (3) months before a General Election in any year in any office are authorized to be filled at a General Election. §6-158(14) |

| REFERENDA/PROPOSITIONS/PROPOSALS | |
|---|---|
| Aug 3 | For any election conducted by a CBOE, the clerk of such subdivision shall provide the CBOE with a certified text copy of any referendum, proposition, or proposal at least three (3) months before the General Election. §4-108(b) |

| JUDICIAL DISTRICT CONVENTIONS | |
|---|---|
| Minutes of a convention must be filed within 72 hours (3 days) of adjournment. §6-158(6) | |
| Aug 6 - 12 | Dates for holding Judicial conventions. §6-158(5) |
| Aug 13 | Last day to file certificates of nominations. §6-158(6) |

| | |
|---|---|
| Aug 17 | Last day to decline nomination. §6-158(7) |
| Aug 21 | Last day to fill vacancy after a declination. §6-158(8) |

| CERTIFICATION OF GENERAL ELECTION BALLOT | |
|---|---|
| Sept 9 | Certification of General Election ballot by SBOE of nominations filed in its office. §4-112(1) |
| Sept 10 | Certification of General Election ballot by CBOE of nominations and questions. §4-114 |

| CANVASS OF GENERAL ELECTION RESULTS | |
|---|---|
| Nov 18 | Recanvass of General Election returns. §9-208(1) |
| Nov 18 | Verifiable Audit of Voting Systems. §9-211(1) |
| Nov 28 | Certification and transmission of Canvass of General Election returns by CBOEs. §9-214(1) |
| Dec 15 | Last day for State Board of Canvassers to meet to certify General Election. §9-216(2) |

| ABSENTEE/EARLY VOTING BY MAIL – GENERAL | |
|---|---|
| Oct 24 | Last day for board of elections to **RECEIVE** application or letter of application by mail or online portal for General Election ballot. §§8-400(2)(c), 8-700 (2)(c), (d) |
| Nov 2 | Last day to apply in person for General Election ballot. §§8-400(2)(c), 8-700 (2)(c), (d) |
| Nov 3 | Last day to postmark General Election ballot. Must be received by CBOE no later than **Nov 10th**. §§8-412(1), 8-710 |
| Nov 3 | Last day to deliver General Election ballot in person to CBOE or poll site within county by close of polls on Election Day. §§8-412(1), 8-710 |

| MILITARY/SPECIAL FEDERAL VOTERS – GENERAL | |
|---|---|
| Sept 18 | Deadline to transmit ballots to eligible Military/Special Federal/UOCAVA voters. §§10- 108(1), 11-204(4) |
| Oct 24 | Last day for BOE to **RECEIVE** application for Military/Special Federal/UOCAVA ballot for general if <u>not</u> previously registered. §§10-106(5), 11-202(1)(a) |
| Oct 27 | Last day for BOE to **RECEIVE** application for Military/Special Federal/UOCAVA ballot for general if already registered. §§10-106(5), 11-202(1)(b) |

| | |
|---|---|
| Nov 2 | Last day to apply personally for Military ballot for general if previously registered. §10-106(5) |
| Nov 3 | Last day to postmark Military/Special Federal/UOCAVA ballot for general. Date by which it must be received by BOE is **Nov. 16th**. §§10-114(1), 11-212 |

| INDEPENDENT NOMINATING PETITIONS | |
|---|---|
| Apr 14 | First day for signing independent nominating petitions. §6-138(4) |
| May 19 - 26 | Dates for filing independent nominating petitions. §6-158(9) |
| May 29 | Last day to accept or decline a nomination. §6-158(11) |
| June 1 | Last day to fill vacancy after a declination. §6-158(12) |
| June 26 | Last day to decline after acceptance if nominee loses party primary. §6-158(11) |

**FILING REQUIREMENTS (§1-106):**

Documents required to be filed with the SBOE or CBOEs outside of New York City will be deemed timely filed if sent by mail or overnight delivery service, in an envelope postmarked or showing receipt by the overnight delivery service prior to midnight of the last day for filing, and received no later than two business days after the last day for filing. Failure of the post office or authorized overnight delivery service to deliver such document no later than two business days after the last day for filing shall be a fatal defect. All papers shall be filed between the hours of 9:00 AM and 5:00 PM unless otherwise provided.

On the last day for filing, the Westchester County Board of Elections is open between the hours of 9:00 AM and midnight. If the last day for filing shall fall on a Saturday, Sunday, or legal holiday, the next business day shall become the last day for filing.

All documents required to be filed with New York City Board of Elections must be actually received on or before the last day for filing. The New York City Board of Elections is open until midnight on the last day for filing.

SIGNATURE REQUIREMENTS FOR INDEPENDENT NOMINATING PETITIONS (§6-142)

1% of the total votes (excluding blank and void) cast for the office of governor at the last gubernatorial election in the political unit for any office to be voted for by all the voters of:

- The entire state .......................................... 45,000 (with at least 500 or 1% of enrolled voters from each of one-half of the congressional districts)

5% of the total votes (excluding blank and void) cast for the office of governor at the last gubernatorial election in the political unit; except not more than 3,500 signatures shall be required for an office to be filled in any political subdivision outside New York City, and not more than the following for any office to be voted for by all the voters of:

- Any county or portion outside NYC............... 1,500
- New York City.................................................7,500*
- Any county or borough or any two counties or boroughs within NYC.....................................4,000*
- Any city council district within NYC ...............2,700*
- Any municipal court district...........................3,000
- Any congressional district............................ 3,500
- Any state senatorial district.......................... 3,000
- Any assembly district.................................. 1,500

Any political subdivision contained within another political subdivision, except as herein provided, requirement is not to exceed the number for the larger subdivision.

***<u>NOTE</u>:** ***Section 1057-b of the New York City Charter supersedes New York Election Law signature requirements for Designating and OTB petitions and independent nominating petitions with respect to certain New York City offices.***

## All Dates Subject to Change by the State Legislature

Revised: 12/09/2025

Exhibit A-[illegible] (NYSBOE Political Calender)

Exhibit B

(Costs from Professional Petitioning Service)

2:43 63



**Gmail is better on the app**

Secure, fast & organized email

OPEN

'signat...

On Wed, Dec 31, 2025 at 4:38 PM Jon Sutton <jon@suttonsmart.com> wrote:

> Hello Chris:
>
> Thanks for reaching out. We'd be happy do this work for you. As a base-level expectation on pricing, we like to always give a pricing range quickly to ensure we're on the same page as our potential clients.
>
> In the heat of signature gathering season, we would expect a price range between $10-15 per raw signature for a project of this scale. If this is within your budget, we're happy to pull together a full proposal and send to you. If it isn't, we understand.
>
> I am attaching a slide deck that outlines how we work.
>
> Jon
>
> -----
>
> **Jon Sutton**
> Partner (he/him/his)
> (o) 480-771-0684
>
> ***Building brands that solve problems:***

AA mail.google.com



